```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


PENNSYLVANIA STATE              :
EMPLOYEES CREDIT UNION,
        Plaintiff               :

        vs.                     :   CIVIL NO. 1:CV-04-1554

FIFTH THIRD BANK   AND          :
BJ'S WHOLESALE CLUB, INC.,
        Defendants              :



BJ'S WHOLESALE CLUB, INC.,      :
        Third-Party Plaintiff,
                                :
        vs.
                                :
INTERNATIONAL BUSINESS
MACHINES CORPORATION,           :
        Third-Party Defendant
```

M E M O R A N D U M

I.   *Introduction*.

   The plaintiff is Pennsylvania State Employees Credit Union (PSECU). Upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we dismissed all its claims against defendant, Fifth Third Bank, except for the breach-of-contract claim based on being a third-party beneficiary of the member agreement between a nonparty, Visa, and Fifth Third. *See Pennsylvania State Employees Credit Union v. Fifth Third Bank*, 398 F. Supp. 2d 317 (M.D. Pa. 2005). We are considering Fifth Third's motion for reconsideration, which renews its attempt to have the contract claim dismissed.

II.     *Discussion*.

A court may revise an interlocutory order "when consonant with justice to do so."  *See United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102, 103 (M.D. Pa. 1989)(quoting *Jerry*); *Philadelphia Reserve Supply Co. v. Nowalk & Associates, Inc.*, 864 F. Supp. 1456, 1460-61 (E.D. Pa. 1994); s*ee also Jairett v. First Montauk Securities Corp.*, 153 F. Supp. 2d 562, 579-80 (E.D. Pa. 2001). Because the order denying the motion to dismiss the contract claim contemplated further proceedings is this court, the order is interlocutory, and the court thus has extremely broad discretion to consider the arguments raised in the reconsideration motion.[1]

Our reasoning in allowing the third-party-beneficiary claim to proceed is set forth in *Pennsylvania State Employees Credit Union, supra,* 398 F. Supp. 2d at 332-36.  For our purpose here, it is only important to note that our analysis closely tracked *Scarpitti v. Weborg*, 530 Pa. 366, 609 A.2d 147 (1992), a

---

[1] An interlocutory order is not subject to the same standard employed for a Rule 59(e) challenge to a final order, *M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D. D.C. 2001).  The finality of the latter requires in part a showing of new evidence that was not previously available to the moving party or "clear error of law."  *See North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

2

leading Pennsylvania case on third-party-beneficiary law.[2] In recognizing the third-party-beneficiary claim, we concluded:

> [W]e agree with PSECU that it is a third-party beneficiary of the membership agreement between Visa and Fifth Third. As PSECU asserts, the underlying agreement between the promisor, Fifth Third, and its promisee, Visa, required Fifth Third to ensure that its merchants would abide by Visa's operating regulations (specifically the operating regulation forbidding merchants from retaining customer information). The purpose of the agreement was to make the Visa network safe for issuing banks, either those already in the network or those contemplating joining it, by assuring them that their customer information will only be in a merchant's possession long enough to make a transaction. [FN 13]. Thus, the third-party-beneficiary relationship for issuing banks was within the contemplation of Visa and Fifth Third at the time of contracting. Further, since Visa intended to give issuing banks like PSECU the benefit of Fifth Third's performance, PSECU has third-party-beneficiary status under Fifth Third's member agreement with Visa.
>
> Fn 13 *Scarpitti* permits the court to make this inference of purpose as a matter of law.

*Pennsylvania State Employees Credit Union, supra,* 398 F. Supp. 2d at 336. In a footnote, we added the following:

> We note that in responding to PSECU's argument that there is no alternative-dispute-resolution procedure to its breach-of-contract claim, Fifth Third argues that Visa regulations provide a compliance procedure for resolving members' financial disputes. (Doc. 75, Def.'s Reply Br. at p. 5.) At least one

---

[2] In its motion to dismiss, Fifth Third argued that Ohio law controlled but stated that no choice of law was necessary because Pennsylvania and Ohio law on third-party beneficiaries was the same. It cited both Ohio and Pennsylvania cases.

3

> court has denied third-party-beneficiary
> status based in part on enforcement procedures
> found in the contract. *See Register.Com, Inc.
> v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004).
> We do not consider it here because Fifth Third
> has not directly argued that PSECU's third-
> party-beneficiary status is defeated by the
> operating regulations' dispute-resolution
> procedure, and it was raised for the first
> time in the reply brief.

*Id.* at 336 n.14.

In moving for reconsideration, Fifth Third makes three new arguments.[3] First, (now argued directly) the existence of the Visa Operating Regulations negates any intention to benefit third parties. Second, the obvious intent of Fifth Third's member agreement with Visa and the Visa Operating Regulations (referenced in the member agreement) is to benefit Visa, not PSECU, because Visa benefits financially when cardholders and banks are encouraged to use its system knowing the system is secure.[4] Third, *Scarpitti* is readily distinguishable for a number of

---

[3] Mindful that in the procedural context of a reconsideration motion, the court might limit the arguments it will accept, Fifth Third maintains that all of the arguments were made on the original motion but that it failed to articulate them properly, confusing the court in the process. Contrary to Fifth Third's assertion, however, it has made new arguments. Nonetheless, as noted above, since the order allowing the contract claim to continue is interlocutory, the court has broad discretion to consider the new arguments. We will do so here since the case is early in the litigation, and the reconsideration motion was filed promptly after the order was entered denying dismissal of the contract claim.

[4] On its motion to dismiss, Fifth Third made no argument at all concerning the parties who were to benefit from the member agreement and the Operating Regulations, an omission we noted in our memorandum. *Id.* at 335 n.12.

4

reasons (although Fifth Third did not present those reasons in its briefing on its motion to dismiss).

A crucial issue is the intent or purpose of the operating regulation prohibiting a merchant like defendant BJ's from retaining cardholder information.  PSECU says the intent was to benefit issuing banks like itself; Fifth Third says that the intent was to benefit Visa.  PSECU suggests that discovery on this issue would be appropriate.  We agree.  Third-party-beneficiary analysis sometimes takes into account matters outside the contract.  *See, e.g., Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 401 (E.D. Pa. 2002); *R.J. Longo Constr. Co. v. Transit America, Inc.*, 921 F. Supp. 1295, 1308-09 (D.N.J. 1996).  *See also Anderson v. Olmsted Util. Equip., Co.*, 573 N.E.2d 626, 631-32 (Ohio 1991); *Gentile v. Ristas*, 828 N.E.2d 1021, 1042-43 (Ohio App. 2005); *Bobb Forest Products, Inc. v. Morbark Indus., Inc.*, 783 N.E.2d 560, 576 (Ohio App. 2002); *Ohio Sav. Bank v. H.L. Vokes Co.*, 560 N.E.2d 1328, 1332 (Ohio App. 1989).  It also appears that if Fifth Third argues that the mere existence of the Operating Agreement is sufficient to defeat the third-party-beneficiary claim, that agreement should be submitted in evidence.  In short, Fifth Third's challenge to the third-party-beneficiary claim is not amenable to resolution on the allegations of the complaint alone, and we will resolve it by way of summary judgment.

Thus, the parties will be granted a sixty-day period to conduct discovery on the "purpose" or "intent to benefit" issue presented by their briefs on the third-party-beneficiary claim. Thereafter, Fifth Third shall have fifteen days to file a brief supplementing its third-party-beneficiary arguments in light of the discovery, and PSECU shall have fifteen days thereafter to file a responsive brief.  The Operating Regulations shall also be made part of the record, and the parties' briefs shall address the relevance of the regulations, including any particular regulation that might bear especially on the third-party-beneficiary issues.

      /s/William W. Caldwell
      William W. Caldwell
      United States District Judge

Date: January 25, 2006

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


PENNSYLVANIA STATE              :
EMPLOYEES CREDIT UNION,
         Plaintiff              :

         vs.                    :   CIVIL NO. 1:CV-04-1554

FIFTH THIRD BANK   AND          :
BJ'S WHOLESALE CLUB, INC.,
         Defendants             :



BJ'S WHOLESALE CLUB, INC.,      :
         Third-Party Plaintiff,
                                :
         vs.
                                :
INTERNATIONAL BUSINESS
MACHINES CORPORATION,           :
         Third-Party Defendant
```

O R D E R

AND NOW, this 25th day of January, 2005, in connection with defendant, Fifth Third Bank's, motion(doc. 79) for reconsideration, it is ordered that:

    1.  The parties shall have sixty days from the date of this order to conduct discovery on the "purpose" or "intent to benefit" issue related to the third-party-beneficiary claim.

    2.  Thereafter, Fifth Third shall have fifteen days to file a brief supplementing its third-party-beneficiary arguments in light of the discovery, and PSECU shall have fifteen days after Fifth Third has filed its brief to file a responsive brief.

    3.  The Operating Regulations shall also be made part of the record, and the parties' briefs shall address the relevance of the regulations, including any particular

regulation that might bear especially on the third-party-beneficiary issues.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge